UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

IN RE:                                                        Case No. 09-09528
                                                             Chapter 7
ELIZABETH HARWELL,                                           Hon. Scott W. Dales

                        Debtor.
_____/

**OPINION AND ORDER REGARDING
MOTION FOR DISGORGEMENT OF ATTORNEY'S FEES**

PRESENT:    HONORABLE SCOTT W. DALES
            United States Bankruptcy Judge

The court received a letter dated August 25, 2010 (DN 19) from the debtor, Elizabeth Harwell ("Debtor"), complaining that her legal counsel, Legal Helpers, PC ("Legal Helpers" or "the Firm"), failed to adequately represent her throughout the course of her Chapter 7 bankruptcy case. The court treated the letter as a motion to reopen the case and for other relief including disgorgement of attorney's fees under 11 U.S.C. § 329, and will therefore refer to the Debtor's letter as the "Motion."

The Bankruptcy Code gives the court considerable authority to supervise the relationship between debtors and their counsel. *See* generally 11 U.S.C. § 329(a). More specifically, the Code requires debtors' attorneys to file "a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation." *Id*. Bankruptcy Rule 2016 further requires counsel to disclose any compensation that "the attorney has shared or agreed to share . . . with any other entity." Fed. R. Bankr. P. 2016(b). The court may order counsel to disgorge fees "to the extent excessive." 11 U.S.C. § 329(b). In addition, the court has authority to

disallow fees entirely if counsel fails to comply with applicable disclosure rules. *See Henderson v. Kisseberth (In re Kisseberth)*, 273 F.3d 714 (6th Cir. 2001).

For the reasons that follow, the court finds that Legal Helpers's disclosure or non-disclosure of compensation and fee sharing arrangements fell short of the requirements of 11 U.S.C. § 329(a) and Bankruptcy Rule 2016. The court also finds that the Debtor did not get the full benefit of her bargain and, as a result, will require Legal Helpers to disgorge a portion of its fee.

## I.  JURISDICTION

The court has jurisdiction over the Debtor's case under 28 U.S.C. § 157(a) and 1334(a), and the Debtor's Motion is a "core proceeding" within the meaning of 28 U.S.C. §157(b)(2)(A) and (O).

## II.  SUMMARY OF FACTS

The Debtor retained Legal Helpers and, on August 11, 2009, filed a voluntary Chapter 7 petition. She received a discharge on January 4, 2010, and the case was closed on January 26, 2010. Approximately seven months later, the court received the Motion in which the Debtor generally complained about the inadequacy of Legal Helpers's representation and, more specifically, that it did not attend court appearances, return her phone calls, or help her oppose her creditors' post-discharge collection efforts.

The court ordered Legal Helpers to show cause why the court should not enter an order requiring the Firm to disgorge fees. Both parties appeared at the hearing:  the Debtor *pro se* and Legal Helpers through Tiffany Ruttkofsky, Esq. Even though Legal Helpers was allowed to supplement the record after the hearing, the court still needed to direct the Firm to file an affidavit further describing the prosecution of the Debtor's case. *See* Affidavit Supplementing

the Record as to the Relationship and Fees Regarding Robert Pleznac (the "Ruttkofsky Affidavit," DN 31).

### III. ANALYSIS

In her Motion, the Debtor asserts that she paid Legal Helpers $1,623.00 in attorney fees[1] but received substandard representation in return. During the hearing, the Debtor stated that she represented herself in collection actions instituted by creditors whose claims she thought were discharged. She also complained that Legal Helpers did not attend her Section 341 meeting of creditors. In response to the court's interrogation, the Debtor clarified that the hearings in which she represented herself were in state court collection matters.

In response, Legal Helpers explained that its retention agreement expressly excludes representation in state court collection matters, and limited its required appearances only to the bankruptcy forum. Ms. Ruttkofsky also referred the court to the Disclosure of Compensation of Attorney for Debtor(s) (the "2016 Statement") and the scarcely legible retainer agreement signed by both parties. Both documents support Legal Helpers's view that the Firm's engagement was exclusively in conjunction with the bankruptcy action.

Ms. Ruttkofsky conceded that "scheduling conflicts" prevented Legal Helpers from attending the Debtor's Section 341 meeting of creditors on October 8, 2009 in Kalamazoo, Michigan. Instead, Legal Helpers arranged for Kalamazoo attorney Robert Pleznac, Esq. to attend. In her affidavit, Ms. Ruttkofsky stated that before the Section 341 meeting, the Debtor was called and told that Attorney Pleznac would be covering the hearing. *See* Ruttkofsky

---

[1] The Motion originally noted that Legal Helpers collected $3,000.00 fees, but at the show cause hearing the Debtor agreed that she paid Legal Helpers only $1,623.00 in connection with the case. She also agreed that Legal Helpers has paid the $299.00 filing fee from these funds.

**Page 4 of 8**

Affidavit at ¶ 8.  However, the supplemented record, including a printout from the Firm's computer system, does not reflect this aspect of the conversation.

In a typical Chapter 7 case, the Section 341 hearing is usually the only time a debtor is required to come to the court house.  For many debtors, it is an intimidating experience.  Having an attorney at the first meeting, preferably one with direct knowledge of a debtor's schedules and pre-bankruptcy circumstances, provides considerable comfort and crucial assistance.  The Debtor bargained for and rightfully expected Legal Helpers to help her through this process.  *See* 2016 Statement at ¶ 5(c).

Mr. Pleznac is not a member or associate of the Legal Helpers firm, and according to the affidavit, he received $100.00 as a fee for his services.  Legal Helpers did not charge the Debtor anything additional, so it is fair to assume that Legal Helpers shared its fee with Mr. Pleznac.  This arrangement was contrary to the 2016 Statement which reports that Legal Helpers did not share fees with anyone outside the Firm.  *See* 2016 Statement at ¶ 4.

Bankruptcy Rule 2016(b) also requires that a supplemental statement be filed and transmitted to the United States Trustee within 15 days after any previously undisclosed fee sharing payment is made.  *See* Fed. R. Bankr. P. 2016(b).  Although the original reason for requiring disclosure of fee sharing no longer applies to Chapter 7 debtors' counsel, Bankruptcy Rule 2016 continues to apply even in Chapter 7.[2]  Legal Helpers violated this requirement.

---

[2] When Bankruptcy Rule 2016 was originally adopted, the Bankruptcy Code permitted attorneys for Chapter 7 debtors to be paid from estate assets.  This changed, however, after Congress enacted the Bankruptcy Reform Act of 1994, Pub. L. 103-394, and eliminated statutory authority for paying Chapter 7 debtors' counsel from estate assets. As the advisory committee notes to Bankruptcy Rule 2016 make clear, the drafters of the Rule  intended to enforce the compensation disclosure requirements contained in 11 U.S.C. § 329 and the prohibition against fee sharing contained in 11 U.S.C. § 504(a).  Strictly speaking, however, the Bankruptcy Code's prohibition against fee sharing applies only with respect to fees, unlike Chapter 7 debtors' attorneys' fees, paid from estate assets under 11 U.S.C. § 503(b)(2) or (b)(4).  Nevertheless, Bankruptcy Rule 2016 continues the requirement that Chapter 7 debtors' counsel disclose fee sharing arrangements, even in Chapter 7 cases.  *See In re Johnson*, 411 B.R. 296 (Bankr. E.D. La. 2008).

More important than this lapse, however, is the fact that Legal Helpers left the Debtor to attend her first meeting of creditors, the only hearing the Debtor was required to attend throughout the course of her case, with an attorney she did not know or retain. Although the Debtor offered no specific criticism of Mr. Pleznac, the court infers she was not pleased with the last-minute substitution, and that she believed she did not get the full benefit of her bargain with Legal Helpers. Had the Debtor wanted to retain Mr. Pleznac, she could have done so; instead, she chose Legal Helpers.

Furthermore, Legal Helpers prepared the 2016 Statement disclosing that the Firm collected $1,050.00 in attorney's fees, when in fact it received $1,200.00. *See* Ruttkofsky Affidavit. The post-hearing supplement also reflected an extra $150.00 charge without explanation. In response to the court's questions, Ms. Ruttkofsky endeavored to explain that the difference between the two amounts was attributable to additional services provided by CIN Legal, the company Legal Helpers uses to provide "credit counseling and those things." *See* Tr. at p.13. According to the Statement of Financial Affairs (the "SOFA"), Legal Helpers collected a $150.00 fee for "service fees in conjunction with the due diligence," for which the Debtor paid CIN Legal an additional $124.00. *See* SOFA at ¶9. The court gave the Firm one more chance to explain this fee by allowing it to supplement the record, but counsel still failed to explain the discrepancy to the court's satisfaction. Consequently, based upon the record, the court finds that Legal Helpers apparently charged the Debtor $150.00 as a "service fee" for arranging credit counseling and other related services with CIN Legal. This is in addition to the $124.00 the Debtor paid for actually receiving those services. This is not an appropriate charge, nor was it disclosed in accordance with Bankruptcy Rule 2016.

In fact, Legal Helpers has apparently been advised about this problem before, and conceded as much in its post-hearing supplement:

> SOFA #9 of Debtors [sic] petition [sic] states how the fees are allocated between attorney fees and Cinlegal [sic] fees. This does differ from the Attorney Compensation Statement, because here we listed only the attorney fees we charge the Debtor. This is an older case from 2009. After discussing with Judge Greg [sic], we now file all cases with SOFA #9 and attorney compensation matching. So it is less confusing, but this is an old case and we filed it before we made this change. But all fees are listed correctly in SOFA #9.

*See* Untitled Post-Hearing Filing (DN 26). Putting aside the conversational and unprofessional form of Legal Helpers's post-hearing supplement, the court construes this as an admission that the 2016 Statement in the present case is incomplete. In effect, Legal Helpers argues that if the court searches the record, it will find in the SOFA the information that ought to have been included in the 2016 Statement, and cobbling together the information from these various sources should suffice. The court does not agree. The SOFA -- which is the *Debtor's* statement -- is not a substitute for disclosure by competent counsel pursuant to Bankruptcy Rule 2016. In addition, the court "will not indulge in extensive labor and guesswork to justify a fee for an attorney who has not done so himself." *In re Woodward East Project, Inc.,* 195 B.R. 372, 375 (Bankr. E.D. Mich. 1996). Consequently, despite Legal Helpers's appearance at the show cause hearing and supplemental filings, the court still wonders what value the Debtor received for the $150.00 "service fee" that the Firm collected "in conjunction" with a $124.00 due diligence package. Such inadequate disclosure is plainly unacceptable. *See, e.g., In re Waldo,* 417 B.R. 854, 893 (Bankr. E.D. Tenn. 2009).

## IV.  CONCLUSION AND ORDER

The court does not lightly enter orders requiring counsel to disgorge fees. Similarly, the court does not lightly disregard complaints by an aggrieved debtor requesting judicial review of

fees under 11 U.S.C. § 329. Here, the Debtor bargained for legal representation from the attorney she hired, but instead Legal Helpers hired outside counsel to represent her at the Section 341 hearing. In addition, Legal Helpers's 2016 Statement was incomplete and inaccurate in material respects. Legal Helpers never supplemented its 2016 Statement, even after the court entered its order to show cause and requested additional, post-hearing information regarding the "fee sharing."

The court is dissatisfied with Legal Helpers's casual response to the show cause order and the Firm's disclosure obligations. The supplemental exhibits, presented with an informal "cover letter" did not contain a caption as required by Bankruptcy Rule 9004 or a signature, contrary to Bankruptcy Rule 9011. After the Clerk's Office struck the documents, Legal Helpers complied with Bankruptcy Rule 9004 by handwriting a caption at the top of the first page of the submission, and handwriting a signature block at the foot of the same page. The court tolerates such informality from *pro se* litigants, but expects more from licensed professionals. Moreover, it is not clear whether Legal Helpers served its post-hearing submission on the Debtor, as the Firm failed to file any proof of service. *See* Fed. R. Bankr. P. 9003 (prohibition against *ex parte* contacts) and 9014(b) (service of papers in contested matters). Less significantly, Legal Helpers's post-hearing submission contained typographical and other errors. Although the court generally disregards harmless errors under Bankruptcy Rule 9005, they confirm the very same inattention to this case that likely prompted the Debtor to seek the court's assistance.

Finally, Legal Helpers paid inadequate attention to its obligations under M.R.P.C. 1.6 by unnecessarily filing unredacted exhibits arguably containing privileged communications and client confidences. The court recognizes the exception to the general rule of confidentiality that permits counsel to reveal information necessary to collect or establish fees, or to defend against

misconduct accusations. *See* M.R.P.C. 1.6(c)(5). The exception, however, does not authorize wholesale disclosure simply because counsel's fees are under review. Legal Helpers ought to have been more circumspect in its post-hearing submission.

Despite these shortcomings, Legal Helpers did assist the Debtor in filing schedules and obtaining a discharge. Therefore, although the court has the authority and discretion to require complete disgorgement, it has determined to mete out a lesser sanction. The court has determined to require Legal Helpers to disgorge $500.00 to the Debtor. This sanction reflects (1) $100.00 remitted to Mr. Pleznac but not disclosed; (2) $150.00 "service fee" charged without adequate explanation; and (3) $250.00 as a sanction in lieu of complete disgorgement. *See In re Downs*, 103 F.3d at 477.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 19) is GRANTED as provided herein.

IT IS FURTHER ORDERED that Legal Helpers shall remit to the Debtor $500.00 within 21 days after entry of this Opinion and Order.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Bankruptcy Rule 9022 and LBR 5005-4 upon Mandi Bahoora, Esq., Tiffany Ruttkofsky, Esq., Elizabeth Harwell (by first class mail), and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**          Dated: **November 23, 2010**

Scott W. Dales
United States Bankruptcy Judge